**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4665**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES OSCAR LITTLE, a/k/a Timothy Eugene Little,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:04-cr-00339-JKB-1)

Submitted: May 24, 2018                                  Decided: May 29, 2018

Before TRAXLER, KING, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Baltimore, Maryland, Joanna Silver, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, Martin J. Clarke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2007, James Oscar Little pleaded guilty to possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (2012), and the district court sentenced Little to 100 months of imprisonment, followed by 3 years of supervised release. Following his release from incarceration, Little was convicted in state court of second degree assault. Based on this new conviction, the district court revoked Little's supervised release and sentenced him to 21 months of imprisonment, followed by 15 months of supervised release. Little appeals, arguing that the sentence is plainly unreasonable. Finding no error, we affirm.

Little argues on appeal that the sentence is procedurally and substantively unreasonable. We review a sentence imposed as a result of a supervised release violation to determine whether the sentence is plainly unreasonable. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). The first step in this analysis is a determination of whether the sentence is unreasonable; in making this determination, we follow the procedural and substantive considerations employed in reviewing original sentences. *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006). Although a district court must consider the policy statements in Chapter Seven of the Sentencing Guidelines along with the statutory factors, "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." *Id.* at 439 (internal quotation marks omitted). If a sentence imposed after a revocation is not unreasonable, we will not proceed to the second prong of the analysis—whether the sentence is plainly unreasonable. *Id.* at 438-39.

A district court must adequately explain a revocation sentence, "whether the district court imposes an above, below, or within-Guidelines sentence*." United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Id.* (internal quotation marks omitted). In addition, in conducting the individualized assessment, the district court must consider the defendant's nonfrivolous arguments for a sentence outside of the Guidelines range. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). We have thoroughly reviewed the record and conclude that the district court sufficiently explained the chosen sentence, rejecting Little's arguments for a below-Guidelines sentence, and the sentence is not unreasonable. It follows, therefore, that the sentence is not is plainly unreasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*